The Chief Justice delivered the opinion of the court.
These actions were brought against certain workmen of the Morris Canal and Banking Company,'for taking away from the lands of the plaintiff below, materials to be used, in the construction of the canal. The state of the case, like that in the cases of Kough and Sutphin v. Darcey, is very inexplicit.
From the seventh section of the act of incorporation, it is obvious, that the legislature did not intend to make the appraisement a step preliminary to the taking of the materials, nor to require the company first to procure such appraisement. The language 'used is, “ for the materials taken or damages done.” It is also clear that the legislature did not intend to preclude the proprietor from his remedy by action, if no appraisement was made; for if so, they would have left him without remedy, except at the pleasure of the company, as on their application alone can there be an appraisement.
But the legislature designed to require, and as I understand the section, have required a claim to be made by the proprietor before action brought, so that amends might be made by the company by voluntary agreement; or the amount of remuneration be ascertained in the prompt and unexpensive manner pointed out in the section. The legislature had, -without doubt, authority to require such previous claim and to make it indispensable on the part of the proprietor to the maintenance of his suit.
Without it, in my opinion, these actions were not sustainable, and the judgments should therefore be reversed.